**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHREX., <br><br> Plaintiff, <br><br> v. <br><br> KFx MEDICAL, LLC and JOSEPH TAURO <br><br> Defendants. | Civil Action No. 3:15-cv-6580 (PGS)(LHG) <br><br> **MEMORANDUM & ORDER** |

This matter comes before the Court on three motions: (1) Motion to Remand filed by Plaintiff Arthrex (ECF No. 18); (2) Motion for Judgment on Pleadings filed by Defendant KFx Medical LLC (ECF No. 13); and (3) Motion for Judgment on the Pleadings filed by Defendant Joseph Tauro (ECF No. 24).

I.

On July 31, 2015, Arthrex filed its Complaint in the Superior Court of New Jersey, alleging breach of contract, unjust enrichment, unfair competition, breach of fiduciary duty, misappropriation of trade secrets, tortious interference of contract and civil conspiracy against KFx and Tauro. On September 1, 2015, KFx filed its answer and counterclaim, alleging that Arthrex infringed two of KFx's patents, that is, U.S. Patent Nos. 8,926,663 ("the '663 patent") and 9,044,226 ("the '266 patent"), both entitled "System and Method for Attaching Soft Tissue to Bone." (ECF No. 1, Notice of Removal). On September 2, 2015, KFx filed a notice of removal, based on federal question jurisdiction over its patent infringement counterclaims.

Arthrex and KFx are in the same business of manufacturing and selling medical devices in the field of orthopedic surgery. Tauro is an orthopedic surgeon and consultant. Between 2000 and 2005, Tauro entered into four contracts with Arthrex, whereby the parties agreed to share with each other sensitive information regarding the development of new surgical devices and techniques. (ECF No. 1, Complaint (hereinafter "Compl.") ¶ 9). The thrust of Arthrex's Complaint in the within matter is that Tauro breached these confidential, non-disclosure contracts by misappropriating the information he acquired through his partnership with Arthrex. Specifically, Arthrex alleges that unbeknownst to it, Tauro was named as an inventor on several patent applications that relied on the ideas developed by Arthrex. (Compl. ¶ 32). Arthrex alleges that the following patent applications, on which Tauro is a named inventor, are based Arthrex's intellectual property: U.S. Patent 7,585,311 ("the '311 patent"), U.S. Patent 8,100,942 ("the '942 patent"), U.S. Patent 8,109,969 ("the '969 patent"), U.S. Patent 8,267,964 ("the '964 patent"), and U.S. Patent 8,267,287 ("the '287 patent") (collectively "the Tauro Patents"). (Compl. ¶¶ 33-34). These patents cover features of various knotless suture anchors and the use of these knotless anchors in various surgical techniques. (Compl. ¶ 34). For Tauro's allged breaching and KFx's cooperating participation, Arthrex alleges against KFx: (1) misappropriation of trade secrets; (2) tortious interference of contract; and (3) civil conspiracy.

These basic facts in the instant action are related to prior litigation between KFx and Arthrex. On August 1, 2011, KFx filed suit against Arthrex in U.S. District Court for the Southern District of California (hereinafter "the California litigation"), alleging patent infringement, including some of the same patents that give rise to the contractual claims in the within Complaint. (Compl. ¶ 36). Specifically, KFx alleged that Arthrex indirectly infringed the '311 patent, the '942 patent, and the '969 patent in the California litigation (Id.) These patents

are specifically referenced in Arthrex's Complaint in this action. (Compl. ¶36). Arthrex asserts that it was during the California litigation that it learned that Tauro had been collaborating and working with KFx as early as January 2004, during his ongoing relationship with Arthrex. (Compl. ¶ 37). According to Arthrex, its technology became the basis for the '311, '942, and '969 patents, and this technology and methodology was protected by the non-disclosure provision of the contracts between Arthrex and Tauro. (Compl. ¶¶ 39-41). Moreover, Arthrex learned throughout the course of the California litigation that Tauro had acquired an ownership interest in KFx. (Compl. ¶ 42). Ultimately, in the California litigation, the jury found for KFx and Arthrex was required to pay KFx $29 million in damages ("the California Judgment"). (Compl. ¶ 43; ECF No. 32, p. 4).

## II.

Arthrex contends that the present case should be remanded to the Superior Court, except for KFx's patent infringement counterclaim. Arthrex contends its state law contractual claims are not related to KFx's counterclaim for patent infringement, and this Court does not have subject matter jurisdiction over them. (ECF No. 18). Arthrex asserts that KFx's patent infringement counterclaim did not occur until ten years after the events giving rise to contractual claims against Tauro in the Complaint, and therefore this Court should not exercise supplemental jurisdiction.

KFx counters that the opposite is true: its counterclaim for patent infringement is related to Arthrex's state law claims, because the patents that form the basis of the counterclaim—the '663 and '226 patents—relate back to the '311 patent, which is not only the basis for the within Complaint, but also was part of the California litigation.

Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over any civil action arising under any act of Congress relating to patents. 28 U.S.C. § 1338(a); *Wills, O'Neill & Mellk v. Rothman*, No. CIV.A. 10-3078 JAP, 2012 WL 1854060, at *5 (D.N.J. May 21, 2012). A claim brought in state court may be removed to federal court pursuant to 28 U.S.C. § 1441. A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Moreover, the party asserting that federal jurisdiction is proper bears the burden of showing that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 1990). Therefore, the Court must determine whether the action was removable as pending in the state court. 28 U.S.C. § 1441(a); *see also United States Experss Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).

Here, the patent infringement counterclaim gives rise to federal jurisdiction pursuant to 28 U.S.C. § 1338(a), yielding jurisdiction over KFx's counterclaim against Arthrex. The issue, then, is whether the Court may properly exercise supplemental jurisdiction over Arthrex's Complaint. The Third Circuit has stated that three requirements must be satisfied before a federal court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. That is: (1) "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court"; (2) "[t]he state and federal claims must derive from a common nucleus of operative facts"; and (3) "the claims must be such that they would ordinarily be expected to be tried in one judicial proceeding." See *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1102 (3d Cir.1995); *Callaway Golf Co. v. Acushnet Co.*, 585 F. Supp. 2d 592, 599 (D. Del. 2008).

In considering the facts alleged in Arthrex's Complaint, KFx's patent infringement counterclaim, and the history between the parties stemming from the California litigation, jurisdiction over all claims is proper. Although the Complaint sounds in breach of contract, it really implicates issues of patent inventorship and ownership arising out of same facts tried in the California litigation. Moreover, Arthrex seeks relief that requires a determination of inventorship or ownership of the patents at issue, in that Arthrex seeks a constructive trust of a number of patents, including patent '311, the parent patent for the ones set forth in the counterclaim. As such, this case arises from the same common nucleus of fact. That is, all of the claims relate to inventorship of the '311 patent, which relates back to the California litigation. Accordingly, this Court will exercise supplemental jurisdiction over Arthrex's Complaint and the Motion to Remand is DENIED.

III.

KFx and Tauro seek judgment on the pleadings. Defendants contend that: (1) Arthrex's Complaint is time-barred under the statute of limitations; and (2) the allegations of Arthrex's Complaint were compulsory counterclaims against KFx in the California litigation. Specifically, KFx contends that because Arthrex seeks a constructive trust over the patents that were subject to the California litigation, its claims must have been brought in that case because it implicates issues of patent inventorship and ownership.

Arthrex counters that it only learned of the actions giving rise to this Complaint during the pendency of the California litigation, beginning in 2011. Moreover, Arthrex asserts that its current claims against Tauro and KFx are unrelated to the California litigation, and therefore did not need to be asserted in that action.

The next issue is whether KFx and Tauro are entitled to judgment on the pleadings. A party may make a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for a decision pursuant to Rule 12(c) is nearly identical to that for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Turbe v. Gov't of V.I.,* 938 F.2d 427, 428 (3d Cir.1991).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678-79; *see also Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium,* 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.,* 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko,* 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz,* 1 F.3d

6

176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

### A. Statute of Limitations

Defendants contend that Arthrex's Complaint is time-barred. A statute of limitations defense may be properly raised on the pleadings when the date on which the alleged claims accrued is apparent from the face of the pleading, public filings, or other documents integral to the complaint. *McPherson v. United States*, 392 Fed. Appx. 938, 943 (3d Cir. 2010). The statute of limitations on a claim begins to run from the date of the wrongful act resulting in injury for which the law provides a remedy. *Estate of Hainthaler v. Zurich Commercial Ins.*, 387 N.J. Super. 318 (App. Div. 2006), *cert. denied*, 188 N.J. 577. It is undisputed that the statute of limitations governing Arthrex's claims is six years. N.J.S.A. 2A:14-1. *See also Kopin v. Orange Products, Inc.*, 297 N.J. Super. 353, 373-74 (App. Div. 1997) (unjust enrichment claim must be brought within six years from the time the claim accrues); *Pet Gifts USA, LLC v. Imagine This Co., LLC*, 2015 WL 570264 at *3, n. 6 (D.N.J. Feb. 11, 2015) (six year statute of limitations for unfair competition and breach of fiduciary duty claims); *Fox v. Millman*, 210 N.J. 401 (2012) (misappropriation of trade secrets is subject to six year statute of limitations); *Farbenfabriken Bayer A.G. v. Sterling Drug, Inc.*, 153 F. Supp. 589, 592 (D.N.J. 1957), *modified*, 197 F. Supp.

627 (D.N.J. 1961), *aff'd,* 307 F.2d 210 (3d Cir. 1962) (six year statute of limitations for civil conspiracy). It is further undisputed that Arthrex did not commence this action until July 31, 2015, more than six years after Tauro allegedly breached its non-disclosure agreements with Arthrex. Arthrex alleges that Tauro assigned his interest in the patents at issue to KFx on August 3, 2005 and March 5, 2007 (Compl. ¶ 35) and more than six years have elapsed since that time.

Arthrex asserts that the limitations period should be tolled under New Jersey's discovery rule because it did not learn of the facts giving rise to the claim until 2011. Under the discovery rule, a cause of action will not accrue "until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." *Lopez v. Swyer,* 62 *N.J.* 267, 272 (1973). This rule "imposes on plaintiffs an affirmative duty to use reasonable diligence to investigate a potential cause of action, and thus bars from recovery plaintiffs who had 'reason to know' of their injuries." *Peck v. Donavan,* 565 Fed.Appx. 66, 70 (3d Cir. 2012) (quoting *County of Morris v. Fauver,* 153 N.J. 80 (1998)).

Alternatively, Arthrex contends that Tauro fraudulently concealed his misconduct, which prevented Arthrex from learning the basis of its claims. A defendant may not invoke a statute of limitations defense "if through either intentional or unintentional fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his duty of inquiry into the facts." *Trinity Church v. Lawson-Bell,* 394 N.J. Super 159, 168 (App. Div. 2007).

Both of these arguments are difficult to accept because the patents were recorded. Ordinarily, the "issuance of a patent and recordation in the Patent Office constitute notice to the world of its existence." *Wine Ry. Appliance Co. v. Equipment Co.,* 297 U.S. 387, 393 (1936). Although there is no direct authority that states a publication of a patent *per se* starts the statute of limitations period (see *Capricorn Pharma, Inc. v. Matrixx Initiatives, Inc.,* 2009 WL 2567022

at *4 (D. Del. Aug 19, 2009)), the Court may consider such public documents. *In re Rockefeller Sec. Lit.*, 184 F.3d 280, 292-93 (3d Cir. 1999). When considering the recordation of the patents, Arthrex's Complaint is time-barred. The publication of the patents at issue constructively noticed Arthrex of its claims as early as January 5, 2006, that date in which the '311 patent was published. (Compl. ¶ 35). Specifically, Tauro is named as an inventor on the face of the published '311 patent, and KFx is identified as the assignee on the recorded, publicly available assignment. (ECF No. 13, Certification of Steve R. Klein, Esq. ("Klein Cert."), Exhibits G and H). Moreover, the confidential information that Arthrex alleges was misappropriated by Tauro and KFx, that is, Arthrex's product designs for knotless suture anchors for attaching soft tissue to bone, is set forth in detail in the '311 patent. (Exhibit H, '311 Patent). Since the technology is the same and Tauro is listed as named inventor, Arthrex had constructive notice of its claims against Tauro. At the very least, assuming Arthrex did not know until later, the patent publication gives rise to a duty to investigate whether Tauro misappropriated its trade secrets by utilizing its technology in the '311 patent. Therefore, as of January 5, 2006, Arthrex knew enough to trigger a duty to investigate. Such an investigation would include a search of the Patent Office's records. By accessing the Patent Office website, one can search for patents by inventor name, or by industry as it is ordinarily available in the public document. As such, Arthrex's claim that it did not know of Tauro's activities does not meet muster when a routine search of patent records would have disclosed same. For the foregoing reasons, KFx and Tauro's Motions for Judgment on the Pleadings are GRANTED because the causes of action are time-barred under the statute of limitations.

## B. Compulsory Counterclaims

As a separate and independent basis, KFx contends that the allegations of Arthrex's Complaint were compulsory counterclaims in the California litigation in 2011. Generally, a party must assert a counterclaim for any cause of action that is available against the opposing party that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The failure to assert a compulsory counterclaim bars a later independent action on that claim. *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 121 (3d Cir.2014) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1 (1974)). The relevant inquire in determining whether a counterclaim is compulsory is whether it bears a logical relationship to an opposing party's original claim. *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389-90 (3d Cir. 2002). A logical relationship exists "where separate trial on each of the claims would involve a substantial duplication of effort and time by the parties and the courts." *See Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978). In determining whether a logical relationship exists, Court consider whether the counterclaims and original claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties. *Id.* (citing *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961). When the claims involve both question of federal and state law, "the traditional rule is that federal courts have supplemental jurisdiction over compulsory counterclaims, because a plaintiff would otherwise lose his opportunity to be heard on those claims." *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 9 (1974).

Here, the Court finds that Arthrex's claims against KFx bear a logical and related relationship to the California litigation, and are an offshoot of the patent infringement claims

10

asserted in that action. The central dispute in both the California litigation and this case is the rights and/or ownership of the disputed patents, including the '311 patent. Arthrex's claims in this case are essentially a defense to the California litigation, that is, that KFx's technology is based upon Arthrex's intellectual property that was misappropriated by Tauro. Moreover, as provided in public court filings, Arthrex stipulated in the California litigation that KFx was the owner, by assignment of Tauro, of the patents at issue. (Klein Cert., Exhibit J, ¶¶ 1-15). Now, Arthrex contends that it is the true inventor of the same patents, a claim that would have been appropriately addressed in the California litigation. *See New England Braiding Co. v. A.W. Chesteron Co.*, 970 F.2d 878, 883 (Fed. Cir. 1992) (a patent is invalid if the named inventor derived the invention from another party). As alleged by Arthrex, "Tauro and KFx acted in concert to commit unlawful acts . . . including but not limited to the misappropriation of Arthrex's confidential information and trade secret information, the breach of [Arthrex's contract with Tauro] and the breach of Dr. Tauro's fiduciary obligations to Arthrex." (Compl. ¶ 78). Any such claims should have been asserted as counterclaims in the California litigation because those claims bear directly on the validity of the patents that were at issue in that litigation. Moreover, the damages sought by Arthrex include a constructive trust of the $29 million judgment from the California litigation, further demonstrating that the claims here are the same as in the prior case. Therefore, KFx's Motion for Judgment on the Pleadings is GRANTED on this basis as well.

## ORDER

**IT IS** on this 12th day of January, 2016,

**ORDERED** that Arthrex's Motion to Remand is DENIED (ECF No. 18); and it is further

**ORDERED** that Defendants KFx and Tauro's Motions for Judgment on the Pleadings (ECF Nos. 13 and 24) are GRANTED; and it is further

**ORDERED** that the clerk close the file.

_____
PETER G. SHERIDAN, U.S.D.J.